## Commonwealth ex rel. Hough *v.* Hough, Appellant.

Argued October 1, 1954. Before Rhodes, P. J., Hirt, Ross, Gunther, Wright, Woodside and Ervin, JJ.

*Walter T. Darmopray,* for appellant.

*Maurice M. Green,* for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

The relatrix sought and was granted custody of her child by the court below, and respondent has appealed.

The parties were divorced in August 1953, after separating in March 1953. Immediately after the separation the relatrix placed the child, now four years of age, with relatrix's aunt. After two months, the child was placed with a Mrs. Palmerino by mutual consent, relatrix taking the child on weekends and respondent making frequent visits. Early in 1954, the respondent married a relative of Mrs. Palmerino and thereupon took the child into his own home and refused relatrix any visitation rights, whereupon she instituted this action for custody. Relatrix is now living with her aunt and is employed. She testified that she would be present to care for the child during the day, and, when she went to work, her aunt and uncle would be there at night. The evidence discloses that both homes are quite satisfactory.

Respondent, aware of the general rule that a child of tender years will ordinarily be awarded to the mother, contends in this appeal that the mother is unfit. The testimony as to unfitness was supplied by Mrs. Palmerino, who, in the opinion of the trier of fact, was not a disinterested witness. She testified that relatrix delivered the child to her in a very ill-kept condition and that relatrix was frequently intoxicated

when visiting the child. The court below chastised relatrix for her use of alcohol but felt that, since she had moved into her aunt's home where she could personally care for the child, she should be awarded custody.

In custody cases the scope of our review is broad, and our guiding principle is to determine what is best for the welfare of the child. However, our broad power of review does not empower us to nullify the fact-finding function of the hearing judge, and we must give weight to the findings of the hearing judge as to credibility. *Com. ex rel. Harry v. Eastridge,* 374 Pa. 172, 97 A. 2d 350. The only argument for respondent is that relatrix is unfit. The testimony on that score did not impress the hearing judge, who questioned the bias of the witness. We are constrained to agree that the evidence against relatrix is unimpressive. The best welfare of a child of tender years is ordinarily obtained by granting custody to the mother. We find no reason to depart from that rule in this case.

Order affirmed.